UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

E.C., a minor, by and
through TYLER CARR and AUDRA
CARR, her guardians and
natural parents,

    Plaintiff,

v.                                               Case No: 2:16-cv-285-FTM-99CM

WILLIAMS-SONOMA, INC.

    Defendant.

_____

**OPINION AND ORDER**

    This matter comes before the Court on Plaintiff's Motion to Remand (Doc. #11) filed on May 03, 2016.  Defendant filed a Response (Doc. #15) on May 04, 2016.  For the reasons set forth below, the motion is granted.

    Plaintiff E.C. filed a negligence action in state court in which she claimed she suffered bodily injury due to Defendant negligently dispensing dangerously hot apple cider that subsequently scalded her. (Doc. #6, p. 7.) Plaintiff claims that as a result of Defendant's negligence, her damages include bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, and medical and nursing care treatment. (Id. at 8.)  Excluding costs and attorney's fees, the claim asserted is

for damages in excess of $15,000, the state circuit court jurisdictional amount. (Id. at 6.)

Defendant filed a Notice of Removal (Doc. #5) based upon diversity of citizenship and damages in excess of $75,000. The parties agree there is complete diversity of citizenship, but disagree as to the amount in controversy component. Because Defendant seeks federal jurisdiction, Defendant carries the burden to establish all components of diversity jurisdiction as of the date of removal. Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003) (citation omitted); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). A defendant's notice of removal must contain a short and plain statement providing a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553-54 (2014). In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010). In other cases, it may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional requirement even in the absence of an express claim of damages. Id.

In 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act (JVCA), which "clarifies the procedure in

2

order when a defendant's assertion of the amount in controversy is challenged." Dart, 135 S. Ct. at 554. Under the JVCA, where removal is based upon diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). As an exception to this rule, the Notice of Removal may assert the amount in controversy if the initial pleading seeks a money judgment, "but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded" and "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(A),(B). In evaluating whether this jurisdictional requirement has been satisfied, the court is permitted to make reasonable deductions, inferences, or other reasonable extrapolations from the pleadings and need not give credence to a plaintiff's representation that the value of the claim does not exceed the jurisdictional threshold. Roe, 613 F.3d at 1061-62, 1064.

In this case, the state court complaint has not demanded any particular sum, and Florida practice permits recovery in excess of the amount demanded in the complaint. Therefore, the issue before the Court is whether Defendant's Notice of Removal has plausibly alleged that the amount in controversy exceeds $75,000.

3

In the Complaint, Plaintiff alleges that she suffered bodily injury as a result of Defendant's negligence. (Doc. #6, p. 7.) She seeks damages for bodily injury, pain and suffering, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care, and treatment. (Id. at 8.) Based on these asserted damages, Defendant alleges that the amount in controversy exceeds $75,000. (Doc. #5.) In support, Defendant points to the following facts: (1) Plaintiff refuses to provide an amount in controversy or stipulate to damages below the $75,000 threshold (Doc. #15, p. 2); and (2) that Plaintiff asserts that she has scarring and/or disfigurement and that Plaintiff's injuries are either permanent or continuing and Plaintiff will suffer losses in the future. (Id. at 3; Doc. # 6, p. 11.) Moreover, Defendant cites cases with similar injuries in which juries have awarded a Plaintiff damages that exceed the $75,000 threshold required to satisfy the diversity requirement of federal jurisdiction. (Doc. #15, pp. 3-4.) In response, and in apparent contradiction to her allegations in the Complaint, Plaintiff argues that this case involves merely, "[a] dime sized burn, with one office visit, a staggering $173.00 in economic damages, a medical finding of only a 'superficial' injury, and a Plaintiff's demand of $17,500," and that the possibility that the claim could be valued over $75,000 "does not transform a

case worth less than $17,500 into a case worth more than $75,000." (Doc. #11, p. 7.)

As the Eleventh Circuit has explained, there are many reasons why a plaintiff would refuse to stipulate to a damage amount. Williams, 269 F.3d at 1320. Moreover, a refusal to stipulate standing alone does not satisfy a defendant's burden of proof on a jurisdictional issue. Id. Accordingly, Plaintiff's refusal to stipulate to the amount of damages lends little weight to Defendant's argument in favor of removal to federal court.

Consequently, the entirety of Defendant's argument rests upon cited cases where plaintiffs were awarded in excess of the $75,000 threshold. The Court finds this argument to be deficient. A removing defendant does not meet the burden of proving the amount in controversy where it offers nothing more than conclusory allegations without setting forth the underlying facts supporting such an assertion. Id. Defendant, in analogizing the facts of the instant case loosely to those in the cases cited within its Notice of Removal, sets forth conclusory allegations that the instant case may exceed the amount in controversy requirement. The Court finds that Defendant has not plausibly alleged that the amount in controversy exceeds $75,000.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. #11) is **GRANTED**.

5

2. The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified copy of this Opinion and Order to the Clerk of that Court.  The Clerk is further **directed** to terminate all pending motions and deadlines and close this case.

3. The Court retains jurisdiction to determine fees and costs pursuant to 28 U.S.C. § 1447(c).  Plaintiff may file a motion for attorney's fees and costs incurred as a result of the improper removal within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this __17th_ day of June, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record